# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1015V

|  |  |
|---|---|
| STEVIE HONAKER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 22, 2025 |

*Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.*

*Parisa Tabassian, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On August 19, 2022, Stevie Honaker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination on March 7, 2021. Amended Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 21, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On May 22, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55,000.00 for pain and suffering damages and $4,125.84 to satisfy Petitioner's Virginia Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

*Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, I award the following:

1) **a lump sum payment of $55,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

2) **a lump sum payment of $4,125.84, representing compensation for satisfaction of the Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioner and:**

**Department of Medical Assistance Services**
**Commonwealth of VA COV – DMAS**
**PO Box 780209**
**Philadelphia, PA 19178-0209**

Petitioner agrees to endorse the check to Department of Medical Assistance Services for satisfaction of the Medicaid lien. These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

|  |  |
|---|---|
| STEVIE HONAKER,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 22-1015V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 19, 2022, Stevie Honaker ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a left "shoulder injury related to vaccine administration (SIRVA), cubital tunnel syndrome, mild tendinosis of the supraspinatus and infraspinatus, and bursitis," as the result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination received on March 7, 2021. Petition at 1. On February 21, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation as to the SIRVA claim under the terms of the Act for SIRVA. ECF No. 45. On May 20, 2025, petitioner filed an amended petition, alleging only a Table SIRVA. ECF No. 50. On May 21, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 51.

## I. Items of Compensation

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded $55,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the Commonwealth of Virginia Medicaid lien in the amount of $4,125.84, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Virginia may have against any individual as a result of any Medicaid payments the Commonwealth of Virginia has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about March 7, 2021 under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings, and future pain and suffering.

A.	A lump sum payment of **55,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

B.	A lump sum payment of **$4,125.84**, representing compensation for satisfaction of the Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioner and:

Department of Medical Assistance Services
Commonwealth of VA COV - DMAS
PO Box 780209
Philadelphia, PA 19178-0209

Petitioner agrees to endorse the check to Department of Medical Assistance Services for satisfaction of the Medicaid lien.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*s/ PARISA TABASSIAN*
PARISA TABASSIAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-4035
Parisa.Tabassian@usdoj.gov

DATED:  May 22, 2025